# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR, | Case No. 1:15-cv-01009-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| CALIFORNIA STATE PRISON, et al., | |
| Defendants. | |

Plaintiff Brandon Flavor ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 30, 2015, and it was transferred to this Court on July 6, 2015. Plaintiff names Kern Valley State Prison ("KVSP") Correctional officer K. Falconer as the sole Defendant.

**A.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

1

1  fails to state a claim upon which relief may be granted." 28 U.S.C.
2  § 1915(e)(2)(B)(ii).
3        A complaint must contain "a short and plain statement of the claim showing that the pleader
4  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
7  550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
8  'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual
9  allegations are accepted as true, legal conclusions are not. Id.
10        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
11  federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
12  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
13  Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or
14  omissions of each named defendant to a violation of his rights; there is no respondeat superior
15  liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
16  1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
17  Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim
18  for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
19  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.
20  at 678; Moss, 572 F.3d at 969.
21  **B.  SUMMARY OF PLAINTIFF'S ALLEGATIONS**
22        Plaintiff alleges that on May 14, 2012, he was moved to another cell. Inmate Walker was in
23  the dayroom area. Once Plaintiff returned, Inmate Walker immediately began fighting with him.
24  Plaintiff states that he was addressed earlier regarding another exchange, and he is at odds with an
25  inmate in the pod where he was moved from.
26        Plaintiff was placed in Administrative Segregation after a guilty finding for battery. He was
27  directed to appeal the finding. On June 14, 2012, Plaintiff received a "hold, 2 month mitigated SHU
28

term" for battery on an inmate. ECF No. 1, at 4. Plaintiff contends that a medical report showed that only he had an injury.

Based on these allegations, Plaintiff alleges a violation of the Due Process Clause and the Eighth Amendment.

**C.     DISCUSSION**

1.     Richard J. Donovan Correctional Facility and KVSP

Plaintiff names the Richard J. Donovan Correctional Facility and KVSP in the caption of the complaint, but he does not include any allegations against them.

In any event, Plaintiff is notified that he cannot maintain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

Because KVSP and the Richard J. Donovan Correctional Facility are part of the California Department of Corrections and Rehabilitation, which is a state agency, they are entitled to Eleventh Amendment immunity from suit.

2.     Defendant Falconer

Plaintiff lists Defendant Falconer as a Defendant, but he does not include any factual allegations against him. As noted above, Plaintiff must link the actions or omissions of each named defendant to a violation of his rights.

He therefore fails to state a claim against Defendant Falconer.

3. <u>The Eighth Amendment</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. <u>Morgan</u>, 465 F.3d at 1045 (citing <u>Rhodes</u>, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. <u>Morgan</u>, 465 F.3d at 1045 (quotation marks and citations omitted); <u>Hope v. Pelzer</u>, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); <u>Rhodes</u>, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150-51 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's Eighth Amendment claim appears to be based on his placement in Administrative Segregation. However, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim," and there is nothing about placement in Administrate Segregation, alone, that is extreme. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff therefore fails to state a claim under the Eighth Amendment.

4.      Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

With respect to placement in Administrative Segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995); accord Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). As to retention in administrative segregation, prison officials must engage in some sort of periodic review of the confinement of such inmates. Id. (quotation marks omitted). Annual reviews do not sufficiently protect the prisoner's liberty interest. Id.

Therefore, to the extent Plaintiff disagrees that his actions warranted placement in Administrate Segregation, his claim fails under the Due Process Clause. Plaintiff's allegations do not suggest that he was denied the process he was due.

5

Plaintiff therefore fails to state a claim for violation of due process.

## D. CONCLUSION AND ORDER

Plaintiff does not state any cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and

///

///

///

///

4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **November 3, 2015**　　　　　　　　　/s/ *Dennis L. Beck*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE