1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON ALEXANDER FAVOR,          Case No. 1:15-cv-01009 LJO DLB PC

12              Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                       REGARDING DISMISSAL OF ACTION FOR
13        v.                           FAILURE TO FOLLOW COURT ORDER

14   CALIFORNIA STATE PRISON, et al.,  FIFTEEN-DAY DEADLINE

15              Defendants.

16

17          Plaintiff Brandon Alexander Favor ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  He filed this action on June

19   30, 2015.

20          On November 4, 2015, the Court dismissed Plaintiff's complaint with leave to amend.

21   Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of

22   the order.

23          After the time for filing an amended complaint passed, the Court issued an order to show

24   cause why the action should not be dismissed for failure to follow a Court order.  Plaintiff was

25   ordered to file a response, or an amended complaint, within thirty (30) days of the date of service.

26   Over thirty (30) days have passed and Plaintiff has failed to file a response or otherwise

27   communicate with the Court.

28

**DISCUSSION**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.* This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.* The Court notes that Plaintiff was also warned that failure to comply with the order to show cause may result in dismissal of this action.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to obey a court order and failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

///

///

2

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2016**                      /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE